**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LREP Arizona LLC, | No. CV-16-04015-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| 597 Broadway Realty LP, et al., | |
| Defendants. | |

Before the Court is Defendants' Rule 60 Motion to Vacate Judgment, which is fully briefed. (Docs. 36, 44, 46.) For the following reasons, Defendants' motion is granted.[1]

**I. Background**

On November 18, 2016, Plaintiff filed a complaint against Defendants alleging a single count for breach of contract. (Doc. 1.) That same day, Plaintiff filed what was styled as a Stipulated Motion for Entry of Judgment, which indicated that the parties agreed and consented to the terms of the proposed judgment and that Defendants agreed to the allegations set forth in the complaint. (Doc. 3.) The matter initially was referred to Magistrate Judge Deborah M. Fine for a report and recommendation ("R&R"). On December 15, 2016, Magistrate Judge Fine issued an R&R recommending for a number

---

[1] Defendants' request for oral argument is denied because the issues are adequately briefed and oral argument will not aid the Court's resolution of the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

of reasons that the Court deny the stipulated motion without prejudice. (Doc. 6.)

On December 28, 2016, Plaintiff filed written objections to the R&R. (Doc. 9.) Several months later, Plaintiff filed a motion asking the Court to continue the case on the inactive calendar because the parties were discussing settlement. (Doc. 11.) The Court granted the request and ordered that the case would be dismissed on June 15, 2017 unless, before then, the parties filed a stipulation to dismiss or moved for a status conference. (Doc. 12.)

On May 24, 2017, Plaintiff moved to reinstate the case on the active calendar because the parties had not reached a settlement. (Doc. 13.) The Court held a telephonic conference to discuss the motion on June 21, 2017. (Doc. 15.) Only counsel for Plaintiff appeared. Counsel for Plaintiff confirmed that Defendants had not yet been served. At the conclusion of the conference, the Court granted the motion and ordered that Plaintiff serve Defendants within 60 days.

On July 25, 2017, before the expiration of that service deadline, the Court issued an order sustaining Plaintiff's objections to Magistrate Judge Fine's R&R and granting the parties' Stipulated Motion for Entry of Judgment in a modified form. (Doc. 17.) The Clerk entered judgment the same day, and thereafter Plaintiff filed several applications for writs of garnishment to collect on the stipulated judgment. (Docs. 18, 19, 21, 23, 25, 34.) On September 8, 2017, Defendants moved to vacate the judgment pursuant to Federal Rule of Civil Procedure 60, arguing that they had not been served with the summons, complaint, or any order of the Court, and that they first learned of this action when a garnishee answered a writ and froze one of Defendant's retirement investment savings accounts. (Doc. 36.)

**II. Legal Standard**

Rule 60(b) provides for relief from judgment under the following circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.

"Rule 60(b) is meant to be remedial in nature and therefore must be liberally applied." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). When evaluating a motion to set aside a judgment, the Court considers three factors: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Id.*

### III. Discussion

Defendants contend that Plaintiff's failure to serve them with the summons and complaint renders the judgment entered in this case void and authorizes the Court to set aside the judgment under Rule 60(b)(1), (4), and/or (6). The Court agrees. "Defendants must be served in accordance with Rule 4(d) of the Federal Rules of Civil Procedure, or there is no personal jurisdiction." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). "A person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process." *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992). It is undisputed that Plaintiff did not serve Defendants with the summons and complaint prior to entry of judgment.

In response, Plaintiff argues that Defendants waived service of process because the terms of the parties' July 14, 2016 Forbearance and Consent Agreement stated that Defendants "consent to the filing of the Stipulated Motion for Entry of Judgment and the Order of Judgment," "agree to admit all of the allegations of the Lawsuit," and "waive any defenses thereto." (Doc. 44 at 4.) The Court disagrees for three reasons. First, although Defendants might have agreed to the filing of the Stipulated Motion for Entry of Judgment, the agreement does not state that they agreed to waive service of the summons

and complaint. Second, although service of process is a waivable right, the procedure for doing so is governed by Rule 4(d), which was not complied with here. Finally, at the conclusion of the June 21, 2017 telephonic conference, the Court ordered Plaintiff to serve Defendants within 60 days. Accordingly, the Court finds that it was without jurisdiction to enter the stipulated judgment.

As for the three factors informing the Rule 60(b) inquiry, the Court finds that they weigh in Defendants' favor. First, Plaintiff will not be meaningfully prejudiced by the Court reopening this case. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Smith v. Smith*, No. CV-13-02611-PHX-DGC, 2014 WL 1651961, at *2 (D. Ariz. Apr. 23, 2014) (internal quotation and citation omitted). Moreover, "a case should, whenever possible, be decided on the merits." *Falk*, 739 F.2d at 463. Second, Defendants have raised some potentially meritorious defenses. Of particular note, Defendants argue that Plaintiff's breach of contract action is barred by the applicable statute of repose, and that a statute of repose cannot be waived. Finally, Defendants' default is not the result of culpable conduct. Rather, it appears that the Court inadvertently ruled on the R&R and the objections thereto prior to service being effectuated. Defendants should not be penalized for the Court's oversight.

**IV. Conclusion**

For the foregoing reasons, the Court grants Defendants' motion to vacate the judgment. In the interests of justice, the Court also will extend Plaintiff's deadline to serve Defendants with the summons and complaint.

**IT IS ORDERED** as follows:

1. Defendants' Rule 60 Motion to Vacate Judgment (Doc. 36) is **GRANTED**. The Clerk's judgment entered on July 25, 2017 (Doc. 18) is **VACATED**. The Clerk is directed to reopen this case.

2. Plaintiff's request for an order directing garnishee Charles Schwab & Co., Inc. to liquidate certain securities and disburse the proceeds to Plaintiff (Doc. 45) is **DENIED** as moot in light of this order.

3. Plaintiff shall serve Defendants with the summons and complaint by no later than **April 27, 2018** and file proof thereof with the Court.

Dated this 10th day of April, 2018.

Douglas L. Rayes
United States District Judge