**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LREP Arizona LLC, | No. CV-16-04015-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| 597 Broadway Realty LP, et al., | |
| Defendants. | |

At issue is Plaintiff's motion to dismiss Defendants' counterclaims, which is fully briefed. (Docs. 71, 74, 77.) Defendants' request for oral argument is denied because the issues are adequately briefed, and oral argument will not help the Court resolve the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f)*; Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991). For the following reasons, Plaintiff's motion is granted, and Defendants' counterclaims are dismissed.

**I. Background**

Defendants are the guarantors of a $4 million loan made by Plaintiff to non-party G Companies Management, LLC ("GCM"). The loan was secured by property owned by GCM ("the Property") and by Defendants' guaranties. After GCM defaulted on the loan, Plaintiff acquired the Property at a trustee's sale for a credit bid of $315,000. Plaintiff then notified Defendants that it intended to file a lawsuit against them to enforce the guaranties and recover the deficiency.

Instead of proceeding with the lawsuit, however, the parties entered into a Forbearance Agreement, under which Plaintiff agreed, among other things, to delay suit and partially waive default interest. In exchange, Defendants agreed, among other things, (1) to waive any defenses to Plaintiff's collection of the deficiency under Arizona's anti-deficiency laws and, in the event they defaulted on the terms of the Forbearance Agreement, (2) to consent to the filing of a pre-prepared lawsuit and to the filing of a Stipulated Motion for Entry of Judgment and Order of Judgment, both of which were attached to the Forbearance Agreement. The waiver provision added: "For sake of clarity, Guarantors agree to admit all of the allegations of the Lawsuit, waive any defenses thereto, and consent to the entry of judgment against them upon Guarantor's breach [of] their obligations . . . as set forth in this Agreement." (Doc. 9-2 at 28.)

Defendants eventually defaulted, leading Plaintiff to file the stipulated lawsuit, Stipulated Motion for Entry of Judgment, and stipulated Order of Judgment referenced in the Forbearance Agreement. Magistrate Judge Fine issued a report and recommendation ("R&R") recommending that the Court deny the stipulated motion without prejudice. Plaintiff objected to the R&R, but before the Court could rule on the objections Plaintiff moved to stay the case while the parties pursued an out-of-court resolution of their dispute. The Court obliged and stayed the matter for three months.

Plaintiff moved to reactivate the case when the parties were unable to resolve the matter. The Court held a telephonic conference to discuss the motion in June 2017, during which only counsel for Plaintiff appeared. Counsel for Plaintiff confirmed that Defendants had not been formally served. The Court therefore granted the motion to reactivate the case but ordered that Plaintiff serve Defendants within 60 days. Before the expiration of this 60-day service deadline, however, the Court inadvertently issued an order sustaining Plaintiff's objections to the R&R and granting the Stipulated Motion for Entry of Judgment in a modified form. Defendants then moved to vacate the judgment pursuant to Federal Rule of Civil Procedure 60. The Court granted the motion after concluding that it lacked personal jurisdiction to enter a judgment against Defendants until they had been properly

served.

Plaintiff has since served Defendants. Instead of admitting all allegations, waiving all defenses, and consenting to the entry of judgment as contemplated by the Forbearance Agreement, Defendants filed an answer and brought counterclaims for restitution, unjust enrichment, and fraud in the inducement. The thrust of Defendants counterclaims is that Defendants are not liable to Plaintiff for any amounts (and are, in fact, entitled to recover amounts previously paid) because their guaranties were procured by fraud. Specifically, Defendants allege that Plaintiff did not actually expect GCM to repay the loan, that Plaintiff knew the Property was not worth much, and consequently Plaintiff lured Defendants into a false sense of security that they never would be called upon to fulfill their guaranties because, if GCM were to default, the sale of the Property would be more than adequate to satisfy the loan.

Unsurprisingly, Plaintiff now moves to dismiss the counterclaims, principally because Defendants waived their rights to challenge their guaranties or the allegations against them in this lawsuit when they entered into the Forbearance Agreement. Plaintiff also argues, in the alternative, that Defendants have not adequately alleged fraud under Federal Rule of Civil Procedure 9(b). The Court does not address this alternative argument because it concludes that the Forbearance Agreement precludes Defendants from challenging their guaranties.

**II. Discussion**

The Court should dismiss counterclaims that are not based on a cognizable legal theory or that are not pled with enough factual detail to state a plausible entitlement to relief under an otherwise cognizable legal theory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Here, Plaintiff's primary argument is that Defendants counterclaims are not cognizable because Defendants waived their right to challenge the enforceability of their guaranties or to otherwise dispute the allegations against them in this lawsuit when they entered into the Forbearance Agreement. The Court agrees.

A forbearance agreement of the type entered into by the parties is essentially a pre-litigation settlement of an impending legal dispute, which the Court may enforce. *See W. All. Bank v. Jefferson*, 698 Fed. App'x 914, 914 (9th Cir. 2017). Indeed, the Court was prepared to enforce the Forbearance Agreement and enter the stipulated judgment once it obtained jurisdiction over Defendants through proper service of process. But for Defendants' disregard of their waivers, this litigation probably would have long since been over.

Defendants argue that the Court should not enforce the waivers in the Forbearance Agreement and, instead, should permit them to challenge their guaranties and the allegations against them for four reasons (some of which at times blend together in the briefing): (1) the Forbearance Agreement itself was procured by fraud; (2) the waiver is insufficiently specific to waive a fraud in the inducement claim; (3) the guaranties are so substantively and procedurally unconscionable that the unconscionability permeates the entire transaction, including the Forbearance Agreement, rendering it unenforceable; and (4) the Forbearance Agreement has already been satisfied because the statute of repose for collecting a deficiency has expired. None of these arguments are persuasive.

First, Defendants' contention that they were fraudulently induced into signing the Forbearance Agreement by misrepresentations about the Property's value is meritless. The allegations in the counterclaims make clear that Defendants entered into the Forbearance Agreement after they knew that the Property, allegedly represented to be worth between $10 million and $27 million, fetched a meager $315,000 at auction. When they entered into the Forbearance Agreement, Defendants knew or should have known that Plaintiff, GCM, and/or their agents might have misrepresented the value of the Property. Perceived fraud in the inducement of the *guaranties* does not allow the Defendants to avoid their obligations and waivers under the separately negotiated and executed Forbearance Agreement when the fundamental factual basis for the alleged fraud either was known or should have been known by Defendants before they entered in the Forbearance Agreement.

Second, the waiver provisions in the Forbearance Agreement are sufficiently clear

to include waiver of Defendants' fraud in the inducement claim, especially considering the sequence of events. As noted, the parties negotiated a separate Forbearance Agreement that included broad waiver provisions after Defendants knew that the Property was not as valuable as Plaintiff had allegedly represented. The waiver provision went as far as to add, "[f]or sake of clarity," that if Defendants defaulted and Plaintiff thereafter pursued legal recourse, Defendants would "agree to admit all of the allegations of the Lawsuit, waive any defenses thereto, and consent to the entry of judgment against them[.]" (Doc. 9-2 at 28.) Defendants' argument that they could not waive their fraud in the inducement claim because they did not know they had such a claim simply is not borne out by the factual allegations and sequence of events. Indeed, there is a critical difference between, on the one hand, discovering the *facts* necessary to bring a claim and, on the other, appreciating that the *law* might support a claim based on the facts previously available to you. Although whether Defendants' knowingly waived their fraud claim might present a more difficult question had Plaintiff concealed the fundamental, essential facts until after Defendants executed the Forbearance Agreement, here Defendants entered into the Forbearance Agreement, including its broad waivers, after knowing that the Property was overvalued, and they consequently would be called upon to satisfy their guaranties.

Third, Defendants' unconscionability argument is misguided. Relying almost entirely on a single case about novation—which is not at issue here—Defendants essentially contend that the guaranties are so unconscionable that the separate Forbearance Agreement should also be found unconscionable. But the Forbearance Agreement is a separate agreement negotiated under different circumstances, most notably after Defendants knew they would be called upon to satisfy their guaranties and that the outstanding balance would be substantial. Though Defendants might believe that the guaranties are unconscionable, they waived their right to make that challenge when they entered into the Forbearance Agreement.

Lastly, Defendants argue that the Forbearance Agreement already has been satisfied because A.R.S. § 33-814(A)'s 90-day statute of repose on deficiency actions has elapsed

and a statute of repose cannot be waived or tolled. But the Arizona Supreme Court has made clear that, although the protections of A.R.S. § 33-814(A) may not be *prospectively* waived, a borrower may agree to waive these protections *after* a non-judicial foreclosure sale. *See CSA 13-101 Loop, LLC v. Loop 101, LLC*, 341 P.3d 452, 457 (Ariz. 2014). Further, the Court is persuaded by the authorities cited by Plaintiff explaining that, although a statute of repose cannot be *equitably* tolled, parties may waive or agree to toll such periods though an *express* agreement. *See, e.g., Bullington v. Precise*, 698 Fed. App'x 565, 570-71 (11th Cir. 2017); *In re Lehman Bros. Sec. & ERISA Litig.*, No. 09 MD 2017 LAK, 2012 WL 6584524, at *2 (S.D.N.Y. Dec. 18, 2012); *Lewis v. Taylor*, 375 P.3d 1205, 1210 (Colo. 2016). Although these cases are from other jurisdictions, Defendants cite no Arizona authority indicating that parties cannot expressly waive or agree to toll a statute of repose, and the Court sees no reason why such express agreements should not be enforced.

**III. Conclusion**

Though much ink has been spilled in this case, the outcome is straightforward. When GCM defaulted, the sale of the Property left a substantial deficiency, and Defendants were called upon to satisfy their guaranties, Defendants had choices: they could have paid; they could have refused to pay, allowed Plaintiff to file a breach of contract action, and then raised the fraud and unconscionability defenses/counterclaims they are raising now; or they could have negotiated and agreed to a different resolution, which is the route they chose here. In exchange for Plaintiff's agreement to defer filing a lawsuit and to waive certain interest, Defendants recommitted to satisfying their guaranties and, in the event they failed to do so, to waive all defenses and stipulate to the entry of judgment against them. After Defendants defaulted on their obligations, Plaintiff sought to effectuate the terms of the Forbearance Agreement by filing this action along with the Stipulated Motion for Entry of Judgment and stipulated Order of Judgment. But rather than abide by the Forbearance Agreement, Defendants seek to litigate (in the form of counterclaims) defenses to the enforceability of their guaranties and to otherwise dispute the allegations against them. For the reasons explained in this order, the Forbearance Agreement's broad

waiver provisions preclude Defendants from doing so.

**IT THEREFORE IS ORDERED** that Plaintiff's motion to dismiss Defendants' counterclaims (Doc. 71) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' motion to amend their counterclaim and file a third-party complaint (Doc. 89) is **DENIED** as moot in light of the Court's determination that Defendants waived their rights to challenge their guaranties or the allegations made against them in this lawsuit.

Dated this 27th day of March, 2019.

Douglas L. Rayes
United States District Judge